108 F.3d 1379
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
Kevin M. CARDWELL, Plaintiff-Appellant,
v.
Alexander L. TON, M.D., Defendant-Appellee.
 No. 96-1974.
 United States Court of Appeals, Seventh Circuit.
 Submitted March 4, 1997.*
Decided March 4, 1997.
 
 Before POSNER, Chief Judge, and KANNE and DIANE P. WOOD, Circuit Judges.
 
 ORDER
 
 1
 Plaintiff Kevin M. Cardwell is an inmate at the Wabash Valley Correctional Institute. He brought an action pursuant to 42 U.S.C. § 1983, seeking damages and injunctive relief against the defendant, Alexander L. Ton, M.D., claiming that Ton violated his Eighth Amendment right to be free from cruel and unusual punishment. Specifically, Cardwell claimed that Ton, the physician responsible for treating Cardwell at the prison, denied him medical care for a condition known as angiomatosis. (Angiomatosis is a condition characterized by multiple angiomas. An angioma is a tumor due to the proliferation of the blood vessels or lymphatics. Steadman's Medical Dictionary 74 (Fifth ed. 1982)). The district court granted summary judgment for Ton and we affirm.
 
 
 2
 In order to prevail on an Eighth Amendment claim for inadequate medical treatment, a plaintiff must show that the defendant was deliberately indifferent to the plaintiff's serious medical condition. Estelle v. Gamble, 429 U.S. 97, 104 (1976); Oliver v. Deen, 77 F.3d 156, 159 (7th Cir.1996). The determination of deliberate indifference turns upon the defendant's subjective state. In order to be held liable the defendant " 'must know[ ] of and disregard[ ] an excessive risk to [the] inmate[s] health.' " Steele v. Choi, 82 F.3d 175, 178 (7th Cir.), cert. denied, 117 S.Ct. 244 (1996) (quoting Farmer v. Brennan, 511 U.S. 825, 837 (1994)).
 
 
 3
 The parties agree that prior to the time period relevant to Cardwell's complaint, Cardwell had undergone surgery for angiomatosis of the gluteus maximus muscle. Cardwell asserts that during the relevant time period he complained to the defendant that he was continuing to suffer from angiomatosis but received inadequate treatment. In support of his motion for summary judgment, Ton presented an affidavit with supporting documentation that indicated in 1994 and early 1995, Cardwell was examined on several occasions for angiomatosis in response to his complaints. (R. 23 and Exhibit A.) Ton stated that on each occasion the examining physician concluded that Cardwell was not suffering from angiomatosis. Ton noted that Cardwell may have been experiencing discomfort from his past surgery for this condition and that in response to his complaints Cardwell was given pain relievers. (R. 23.)
 
 
 4
 The evidence that Ton presents shows that he and other staff responded to Cardwell's complaints. Whether their response was medically sound we need not determine. If Ton misdiagnosed Cardwell or was otherwise negligent, that would not provide a sufficient basis for Cardwell's Eighth Amendment claim. Steele, 82 F.3d at 178 (citing Estelle, 429 U.S. at 106). Because it is clear that Ton attempted to diagnose and treat Cardwell's condition, he was not deliberately indifferent to a serious medical need. Therefore, the district court properly awarded summary judgment in favor of Ton.
 
 
 5
 AFFIRMED.
 
 
 
 *
 After an examination of the briefs and the record, we have concluded that oral argument is unnecessary and the appeal is submitted on the briefs and the record. See Fed.R.App.P. 34(a); Cir.R. 34(f)